The next case on the calendar is Klemens v. Colvin. Good morning, Your Honors. May it please the Court, my name is Tim Hiller, and I'm representing James Klemens. Mr. Klemens' claim was denied here at Step 4, where the ALJ determined that he had past relevant work as a cleaner and refurbisher of apartments, and that he could return to that past relevant work despite his need for simple, unskilled work, one- to two-step instructions, and minimal interpersonal interactions. Mr. Klemens has identified two fatal flaws with the ALJ's Step 4 denial. The first is what I call the SGA flaw here. The definition of past relevant work includes, among other things, that the work activity must have been substantial gainful activity. The commissioner and plaintiff both agree that Mr. Klemens' certified earnings records do not support a finding that he was engaged in substantial gainful activity when he was working as a cleaner and refurbisher of apartments. That's because the earnings were $811 and some over various months, and the requirement is $900 during a month, is that correct? Yes, yes. So if you look at Record 273, Mr. Klemens, the form isn't signed by him, but it was submitted alongside some other forms, including one that bore his signature. And he stated that in 2007, he worked for David Civilet for a couple months, and if you then refer back to the earnings records, it's $811. And if you split that up amongst several months, $900 is correct. But there was other evidence in the disability report, yes? So, yes, and that's the commissioner's argument. Basically, the commissioner's hanging his hat on Record 151 and this disability report. And this is a report that was not filled out in conjunction with Mr. Klemens. It was instead filled out between a state agency worker and Mr. Klemens, I guess his case manager, Jessica Dayton. And that report, yes, if you look at the information at Record 151 and assume it's true, and that he worked eight hours a day, five days a week, and earned $7.50, if you added that up, it would be SGA. The problem here is all the ALJ stated about the entire issue of SGA is that Mr. Klemens had sufficient earnings to raise a presumption of SGA. Did the ALJ anywhere say that he was relying on the disability? Absolutely not. The ALJ, and this is something I want to highlight repeatedly here, the ALJ didn't cite to anything. It didn't cite to the disability report, didn't cite to anything, didn't make any argument that supported his assertion that there were sufficient earnings. Everything that the commissioner, all the commissioner's reliance on this disability report is complete post hoc speculation. The essence of your first argument is that there wasn't a sufficient explanation for the ALJ's conclusion that the threshold earning requirement had been met. Correct. There wasn't any explanation. But it isn't a question of whether there is substantial evidence. There might have been, but we have no way of knowing that what the ALJ went on. Yes, I mean. Because the district court said there was substantial evidence. Yeah. And normally that's what we would, but you're saying we can't get that far because we don't know what the ALJ went on. Correct. Correct. So unless there's any other questions about my first argument, I also want to highlight the second argument, which I think is equally as. No, before that, I want to ask just another question, which I'll ask primarily to the other side. But even if the ALJ had mentioned the disability, isn't it at least arguable that the ALJ has a responsibility to fill out the record and be consistent between the two possible bits of evidence? I mean, you have the one report of 811 and this disability. Don't our cases require the ALJ in a case like that to fill that out? That's correct. It's the ALJ's responsibility to resolve material conflicts of evidence, not a district court and not the court of appeals. And with respect, that's essentially the district court resolved the conflicts in favor against. Well, we can't do it under Chenery because this is an administrative law issue. We can't simply do what we do with district courts and find whether there is another possibility. We're not allowed to do that in administration. You're absolutely correct, Your Honor. So, yeah, it's not clear. He had to resolve that conflict of evidence and he didn't. So the other, I think, key problem with the ALJ's decision is that even if we want to assume that Mr. Clemens has passed relevant work as a cleaner and refurbisher of apartments, there is absolutely no evidence obtained by the ALJ as to what the mental demands of that work were. As I mentioned, in his residual functional capacity assessment, he said that Mr. Clemens needed two-step instructions, that he needed minimal personal interactions. No evidence was adduced anywhere about what the mental demands of this work activity was. And that really ends the analysis, because if you don't- Can an ALJ assume that a work of a cleaner, does the word cleaner tell us enough so that we know what that work does? I mean, your argument is somehow that cleaner may be a series of different things and we'd have to know more about it. But does the word tell us enough? So I guess I'm interpreting Your Honor's question as whether the ALJ can make some sort of common sense. Yeah. I don't think so in this case, because it's not just a cleaner. And that was part of why the ALJ's analysis was very uncareful in this case. He's a cleaner and refurbisher of apartments. The ALJ mentioned that, but then when he's talking about why it could be performed despite his non-exertional impairments, he just focuses on the cleaning aspect. To me, refurbishing apartments is skilled work. It's not simple one- to two-step instructions. My common sense says if I'm refurbishing an apartment, I'm doing construction-type work that I wouldn't even know where to begin how to do that. That's why I'm a lawyer. You're a lawyer. You wouldn't even know how to do cleaning. That's right. So, yeah, I don't think a common sense, and I see that I'm out of time, but I don't think a common sense intuition can be made because I think common sense instructs that refurbishing apartments is actually skilled work. Thank you. Thank you. Good morning, Your Honors. May it please the Court, Robert Shriver appearing for the Commissioner of Social Security. To get right to the first issue that my opponent has raised, I think the Court has hit the nail on the head. The question is whether the ALJ gave a good enough explanation of what he was relying on. I didn't give any explanation. It just said he was a cleaner for enough work, for enough time. I mean, I think the sentence is a single sentence, the claimant performed this job within the past 15 years, a sufficient time for him to learn it, and with sufficient earnings to raise the presumption. And there was clear conflicting evidence in the record with regard to the earnings. That is correct, Your Honor. You are both correct. The ALJ's decision says what it says. I'm not going to argue that he gave a fulsome analysis because he did not. Why is that enough, then? Because in this case, first, to say that he did not resolve the conflict simply isn't true. The ALJ did resolve the conflict. He just resolved it in the Commissioner's favor. We don't know whether the ALJ was relying on the disability report or misread the other report, got confused that 811 plus what was work that was referred to as under the table amounted to $900, and got confused about whether $900 was a monthly requirement or was a requirement over time. We just don't know. He didn't tell us. He did not tell us, but I don't think we need to engage in speculation. That's right. We don't need to engage in speculation. That's exactly right. The reason why I say that, Your Honor, is because there is one piece of evidence and one piece only in the entire administrative record that supports his finding. Now, the question is whether his finding was supported by substantial evidence. But that is asking us to say that the ALJ did something that he did not do. Now, sometimes we can do that with district courts, but we cannot do it in an administrative setting. Well, Your Honor, I would respectfully disagree because there's not a lot of post hoc rationalization to be made here. The answer is obvious. There's only one thing in the record that supports the ALJ's findings, so there's no mystery. Unless the ALJ made a mistake. Well, why can't we as ALJs make mistakes all the time? This happens to be a quite good ALJ, but even quite good judges make mistakes. So why can't we assume that an ALJ just plain made a mistake? We don't know. Again, Your Honor, I don't mean to beat a dead horse, but I repeat my argument. Let me ask a different question. Even if we accept his finding on the amount of the money, in effect, what about the fact that we have required that whether a claimant retains the functional capacity to perform past work must be developed and explained fully in the disability decision? And that's not been, that wasn't done here either, was it? Again, Your Honor, I respectfully disagree. The ALJ at page 27 of the record cited the DOT code describing the job of cleaning apartments and explained that the claimant's, Mr. Klinman's, RFC was, that job requirements were not in excess of his RFC. The ALJ specifically noted that it was simple work requiring one or two step instructions. But how does that meet the argument by opposing counsel that what this person did was cleaning and refurbishing and that that is not the same thing as cleaning and that there's no discussion as to why this person is competent to do cleaning or refurbishing or at least what refurbishing is? You know, that's the argument they're making. Did the ALJ tell us anything about that? Oh, Your Honor, I think this is where the common sense issue comes into play. And in particular, this Court's prior decision in Jock v. Harris, which is at 651 F. 2nd, 133. And at Step 5, the ALJ is allowed to use common sense when talking about past relevant work. Mr. Klinman said at various times in the record, he said, I cleaned apartments. He told the consultative examiner, I have past work of cleaning apartments, quote, unquote, full stop. He also reported that he was a cleaner and refurbisher of apartments. But in both cases, he is telling the Commissioner, I used to clean apartments. Cleaning apartments is cleaning apartments. If you were able to do cleaning and refurbishing, you were able to clean. I think that's a common sense conclusion to draw. Now, all this might be okay if we didn't have any number of cases that say, well, there are these ambiguities. It is up to the ALJ to develop the record and resolve these ambiguities. You know, what there could be, you know, our precedents could be different. But our precedents are all that in such situations, we should send things back and have the ALJ resolve the ambiguity. Well, there are also precedents, Your Honor, saying that we will not, or you, excuse me, will not send the case back if the ALJ's rationale can be gleaned from the record. I think his rationale here is quite simple. This is not a complicated case. There's only a few pieces of evidence at issue. And I think it is clear what the ALJ did and why he did it. Ms. With regard to the first issue, if we look at the disability report that was completed by Dayton, that it clearly supports the conclusion there's little ambiguity within that report. It's only the ambiguity only arises when you look at the earnings record. And the ALJ was entitled to look at the disability report and credit it, is your argument. That is correct, Your Honor. And the commissioner's regulations specifically provide for that. 20 CFR 404-1574, the regulation clearly states we will consider information outside of your earnings record if there is a reason for us to do so, if there is evidence that you have additional earnings. And that is exactly what the ALJ did. But why is the ALJ tell us that there was a reason to look beyond that? No, Your Honor, the ALJ did not. Did not? The ALJ did not tell us that this, which, you know, I'm not saying that it couldn't have come out that way. I'm just asking whether the ALJ did anything under the regulation. Again, Your Honor, no, the ALJ did not explain that. I would just say again that the court is permitted to glean the ALJ's rationale from the record. That's a very long line of precedent as well. And in this particular case, there's very little gleaning to do. There's no rationalization to do. There's only one thing that supports that finding, and that is that earnings record. Thank you. Does the court have any further questions? Thank you very much. So I certainly agree with a lot of the premises questions the court has been asking. Unless there's any further questions for my side, I'll cede the rest of my time. Thanks. Thank you both for the argument. We'll take it under submission.